IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:26-cv-00425-M-RN

| | | |
|---|---|---|
| BRITTANY ALONDRA BOLTINHOUSE,<br><br>Plaintiff,<br><br>v.<br><br>THOM BRODEUR,<br>JKN UNIVERSE, LLC d/b/a THE MISS USA ORG/MISS UNIVERSE,<br>A BLAIZE PRODUCTIONS LLC,<br>ARIANA BLAIZE,<br>NIC BLAIZE,<br>BDE HC, LLC, and<br>BDE MISS USA, LLC,<br><br>Defendants. | ) | ORDER |

This matter comes before the court on two motions: Plaintiff's Motion for Entry of Default [DE 22] against Defendant JKN Universe, LLC[1] ("JKN") and Defendant JKN's Motion for Extension of Time to respond to the complaint [DE 25].

Defendant JKN was served with the amended complaint, originally filed in Duplin County Superior Court, on or about September 22, 2026. DE 22 at 1; DE 25 at 1. When JKN missed the response deadline, Plaintiff moved for entry of default against JKN in the state court proceeding. *See* DE 22 at 2; DE 25 at 1. On October 26, 2026, before the state court addressed the motion for entry of default, Defendants Thom Brodeur, BDE HC, LLC and BDE Miss USA,

---

1 Defendant JKN indicates that Plaintiff has mistakenly sued them using the name "JKN Universe, LLC, d/b/a The Miss USA Org/Miss Universe" when instead JKN owns the Miss USA and Miss Teen USA trademarks and acts as a franchisor for the associated pageant systems. DE 25 at 1, n.1.

LLC (the "BDE Defendants") removed the action to this court. DE 1. The BDE Defendants' Notice of Removal did not indicate consent from JKN, nor did counsel for JKN initially file a notice of appearance pursuant to Local Rule 5.3. *Id.* at 4 ("BDE Defendants have not been able to contact counsel for JKN to discuss the matter . . . .").

On November 3, 2026, in light of JKN's failure to appear, the Clerk of Court directed Plaintiff to proceed in accordance with Rule 55(a) of the Federal Rules of Civil Procedure. DE 20. That same day, Plaintiff filed the present motion for entry of default. DE 22. On November 4, 2026, counsel for JKN entered her appearance and the next day filed the present motion for extension of time. DE 23; DE 25.

Turning first to Plaintiff's Motion for Entry of Default, Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgments. Rule 55 states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (collecting cases). Indeed, district courts routinely decline to enter default judgment when a party misses a deadline by only a few days or when an untimely filing does not prejudice the moving party. *See e.g.*, *Campbell v. Frank Inst. for Health & Wellness, PLLC*, No. 7:21-CV-00178-M, 2022 WL 23033797, at *1 (E.D.N.C. Apr. 22, 2022); *Mitchell v. First Cent. Bank, Inc.*, No. 2:08CV6, 2008 WL 4145451, at *2 (N.D.W. Va. Sept. 8, 2008); *Lopez v. NTI, LLC*, No. CV DKC 2008-1579, 2009 WL 10727666, at *1 (D. Md. Jan. 14, 2009).

Applied here, while JKN has not yet filed a responsive pleading or motion, its motion requests an extension through November 12, 2026, to do so. DE 25 at 3. The court finds no apparent prejudice from this minimal delay. Accordingly, in light of the Fourth Circuit's strong preference for resolution on the merits and pursuant to this court's discretion, Plaintiff's Motion for Entry of Default [DE 22] is DENIED WITHOUT PREJUDICE and Defendant's Motion for an Extension of Time [DE 25] is GRANTED. Defendant JKN shall file an answer or responsive motion on or before November 12, 2026.

SO ORDERED this 6th day of November, 2026.

Richard E. Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE